## THE H. BELMER CO. v. THE NEWTON TEA & SPICE CO.

*Negligence — Weight of evidence — Collapse of warehouse from overloading — Charge to jury — Specific words used interchangeably — Evidence — Plat as exhibit — Hypothetical questions.*

1. In an action for damages resulting from the collapse of a building caused by overloading the third floor with a grossly excessive weight, a verdict and judgment in favor of the plaintiff will not be reversed as against the weight of the evidence, where the evidence shows that the building had stood for many years without any apparent defects; that the third floor was constructed to carry from seventy to one hundred pounds per square foot; that merchandise had been stored in the rear end of the building on the third floor in excess of two hundred and fifty pounds per square foot; that the day after the merchandise was so stored the walls in the rear of the building below the third floor directly under the merchandise gave way and the rear part of the building collapsed, the front remaining standing; when considered in connection with other evidence regarding conditions of the building found by witnesses for both plaintiff and defendant.

2. In such case it is not error for the court to use the word "collapsed" instead of "gave way," and "overload" for "load," in its charge to the jury, where such words were not used in the petition, but were used both in the other pleadings and in the evidence.

3. The admission in evidence of an exhibit made after the accident, by a witness qualified as an expert, consisting of a plat of the building showing braces, arches, etc., is not error when enough of the building remained standing to make a reasonably accurate plat.

4. A hypothetical question to a witness is not objectionable where there is evidence tending to support all the facts contained in the question.

(Decided April 18, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Fulton & Woost,* for plaintiff in error.

*Messrs. McCauley & Simmonds,* for defendant in error.

HAMILTON, P. J.   The defendant in error brought suit in the court of common pleas against the plaintiff in error, basing its action on the collapse in January, 1913, of a warehouse in Cincinnati.   The warehouse was five stories in height, with walls of brick, resting on a stone foundation. Plaintiff below occupied the fifth floor of the building, and had been a tenant thereof for some five or six years.   The defendant, the Belmer Company, occupied the first floor and the cellar for storage of nails and wire goods, and had used the premises for that purpose for some two or three years.   A third company, The Standard Extract Company, occupied the second and third floors of the building.

At the time of the collapse of the building the Ohio river was rapidly rising, and there was a danger of flood water on the first floors of the building. The Belmer Company, thereupon, to protect their nails from wet and rust obtained permission from the Extract Company to remove the same from the cellar to the third floor.   The nails were removed by the Belmer Company to the third floor, and consisted of 675 kegs of cement coated nails, of the average weight of 75 lbs. to the keg.   This load of nails was placed on the third floor in the afternoon, and, on the next day, a little after the noon hour, the building fell, and the Tea & Spice Company, plaintiff below, was damaged.

The allegation of negligence in the petition, in substance, is the negligent overloading of the third

floor of the warehouse with such grossly excessive weight of nails, wire and kindred merchandise that the north portion of the building gave way under the pressure and weight, by reason whereof the west wall at the north end fell and caused the collapse and resulting damage.

The case was first tried to a jury, resulting in a verdict and judgment in favor of the Tea & Spice Company, plaintiff. That judgment, on error to the court of appeals, was reversed, and a new trial ordered, and, upon retrial, the jury, on the facts, again returned a verdict for the Tea & Spice Company, and the trial court entered judgment on the verdict. From that judgment error is prosecuted to this court.

Four specifications of error are urged as grounds for reversal:

1. The verdict and judgment are against the weight of the evidence.

2. Error in the admission of testimony.

3. Special charges given to the jury.

4. Error in the general charge to the jury.

The transcript of the evidence is quite voluminous, and we will only refer to the outstanding features as they appear therefrom.

The evidence shows the building had stood for many years without showing any defect. The building was constructed to carry a certain weight per square foot. The third floor, as testified to by expert witnesses, was built to carry from 70 to 100 lbs. per square foot, when distributed over the floor space.

The nails were piled from three to five kegs high, each keg weighing 75 lbs., causing a load of over

250 lbs. per square foot on the floor in question. There was a concentration on the floor of this weight at the rear of the third floor, the exact space covered being in dispute, but the piling of the nails is shown conclusively to be as above stated. The nails were so piled on the afternoon of Monday, January 14, 1913, and shortly before the noon hour on the next day the wall cracked, just below the third floor rear, and immediately under the nails. The plastering was seen to crumble and give way. A few minutes after this was noticed the rear end of the building collapsed. The front part of the building, in which no nails were piled, remained standing.

There are many details in the evidence with reference to the conditions found by witnesses, both for plaintiff and defendant, and taken in connection with the above outstanding facts we are unable to find that the verdict and judgment are manifestly against the weight of the evidence.

The evidence objected to is the admission of Exhibit 4 and the hypothetical question to the witness Mr. Skinner, who was introduced as an expert by the plaintiff. Exhibit 4 was a plat of the third floor, prepared by Mr. Skinner, who was an engineer and qualified as an expert. He also made a plat of the first floor after the collapse, and located some of the walls, arches and the elevator shaft, and a certain water trough, as indicated in the ruins. The plat was not actually made while the building was standing. The evidence shows that Mr. Skinner was familiar with all branches of building, and there was sufficient of the walls, arches and the elevator shaft still standing so that

he was able to make a reasonably accurate plat. The plumbing connections for the water trough were still there. These facts were all before the jury, they could consider the plat for what it was worth in applying the testimony, and we see no prejudice in the admission of the plat.

The hypothetical question was not objectionable. There was evidence tending to support all the facts contained in the question. It is urged that a part of the question was based on assumption of something wholly outside the case, to-wit, the assumption that "we have a building, with a safe floor load of 75 lbs. per square foot, or 100 lbs. per square foot." It appears, however, that this expert witness knew the capacity of the building, and had testified as to its floor capacity, so that there appears to be some evidence tending to prove the point.

The plaintiff in error complains that special charges 1 and 2, requested by plaintiff below, were too broad, and confused the jury. These charges did not prejudice the plaintiff in error. Instead of being too broad, as charged, they probably went more into detail than was necessary under the circumstances. Objection is made to the words contained in the charge, "If you find that the partition wall *collapsed.*" It is claimed that there was no issue as to the collapse of the partition wall; that the allegation of the petition was that the partition wall cracked, and gave way. It is admitted in the answer that it collapsed and fell. This is simply an objection to the word used by the court, which word had been interchangeably used both in the pleadings and in the evidence, and could not in any way have misled the jury. The same may be said

of the use in the charge of the word "overload" instead of "load."

The case was peculiarly one for the jury and was fairly submitted.

We find no error in the record.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.